# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE SALAZAR,

    Plaintiff,

    v.

TIZOC LANDEROS,
JAMES VOUDRIE, THOMAS BANAS,
SERGEANT NUNN (STAR #41), and CITY
OF JOLIET,

    Defendants.

JUDGE RONALD GUZMAN

No. 04C 1825

MAGISTRATE JUDGE ASHMAN

MAR 1 0 2004

## COMPLAINT AT LAW

NOW COMES the Plaintiff, by and through the LAW OFFICES OF BLAKE

HORWITZ, pursuant to Complaint at Law, against the above named Defendants, to wit TIZOC

LANDEROS, JAMES VOUDRIE, THOMAS BANAS, and SERGEANT NUNN (STAR #41)

(hereinafter, the "DEFENDANT OFFICERS") and the CITY OF JOLIET and states as follows:

## JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1981 and §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the

United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.    Plaintiff, JOSE SALAZAR is a resident of the County of Cook and State of Illinois, and a

citizen of the United States.

3.    The DEFENDANT OFFICERS were at all times material and relevant hereto officers of

the Joliet Police Department.

1

## FACTUAL ALLEGATIONS

4.      On March 21, 2002, the DEFENDANT OFFICERS struck the Plaintiff and used an unreasonable amount of force onto the body of the Plaintiff.

5.      On March 21, 2002, the Plaintiff did not resist arrest and/or batter either of the DEFENDANT OFFICERS.

6.      On March 21, 2002, the Plaintiff did not obstruct justice, resist arrest and/or assault any of the DEFENDANT OFFICERS.

7.      The use of force initiated by the DEFENDANT OFFICERS and the failure to intervene in the use of said force, caused an excessive amount of force to be inflicted onto the body of the Plaintiff. Said force was unreasonable and unnecessary.

8.      The Plaintiff was arrested by the DEFENDANT OFFICERS notwithstanding the fact that the Plaintiff, on said day, had not committed an act contrary to the laws of the State of Illinois. Further, the DEFENDANT OFFICERS failed to witness the Plaintiff commit an illegal act of any sort.

9.      Notwithstanding the above, the DEFENDANT OFFICERS drafted a police report which indicated that Plaintiff resisted or obstructed a peace officer.

10.     The charges lodged in the police report were false, fraudulent and submitted by the DEFENDANT OFFICERS under false pretenses. Said charges were designed to cause criminal litigation to be lodged against the Plaintiff without probable cause and/or any legal cause, given that said charges were devoid of any legal basis *ab initio*. Further, the DEFENDANT OFFICERS withheld information from the Will County State's Attorney as to the true facts that unfolded on March 21, 2002, when they arrested the Plaintiff.

11.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the

Defendants, Plaintiff was caused to suffer serious and permanent personal injury, pain, suffering

and mental anguish both now and in the future.

12.     On or about March 21, 2002, the DEFENDANT OFFICERS were on duty at all times

relevant to this complaint, duly appointed and sworn police officers for the CITY OF JOLIET.

The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the

course and scope of their employment and while they were on duty.  The DEFENDANT

OFFICERS are sued in their individual capacity.

13.     It is the custom, practice and policy of police officers and/or their supervisors/agents

and/or other employees of the CITY OF JOLIET to perform the following acts and/or omissions

in connection with excessive force complaints that are directed at Joliet police officers:

> a. Supervisory individuals from the CITY OF JOLIET fail to
> properly discipline CITY OF JOLIET police officers that have
> committed an act of excessive force upon another;
>
> b. Supervisory individuals from the CITY OF JOLIET fail to
> properly investigate a complaint of excessive force perpetrated by
> a CITY OF JOLIET Police Officer, upon another;
>
> c. Supervisory individuals from the CITY OF JOLIET fail to take
> proper remedial action against a CITY OF JOLIET police officer
> once it is determined that he/she has committed an act of
> excessive force upon another.

14.     This practice and/or custom, as alleged above, has gone unchecked and been allowed to

exist in the CITY OF JOLIET for a significant period of time, so much so, that police officers for

the CITY OF JOLIET recognize that they will not be punished for committing said acts and that,

in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF

JOLIET in order to permit said conduct to re-occur.

3

15.     The CITY OF JOLIET is a duly incorporated municipal corporation and is the employer

and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this

Complaint, as indicated in the *Monell* claim alleged herein. At all times material to this

complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or

regulation, statutes, custom and usages of the CITY OF JOLIET.

16.     The CITY OF JOLIET by and through the Joliet Police Department, has retained the

Joliet Chief of Police for the municipality that controls the area where the Plaintiff was arrested.

Said Chief is aware of the excessive and unreasonable force that the police officers for that

municipality exercise in connection with civilians. The CITY OF JOLIET, knowing this activity

to occur, has failed to take any action to correct the situation, namely, discipline and/or terminate

the Chief of Police that controls the municipality and/or area in question.

## COUNT I
### §1983 False Arrest

17.     Plaintiff re-alleges paragraphs 1 – 11 as though fully set forth herein.

18.     The DEFENDANT OFFICERS arrested Plaintiff without probable cause to believe that

Plaintiff had committed criminal activity. The DEFENDANT OFFICERS' conduct was in

violation of the Fourth Amendment to the United States Constitution.

19.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages against the DEFENDANT

OFFICERS, punitive damages, costs and attorney's fees. Plaintiff also demands whatever

additional relief this Court deems equitable and just.

Case: 1:04-cv-01825 Document #: 1 Filed: 03/10/04 Page 5 of 9 PageID #:5

## COUNT II
### Malicious Prosecution - State Claim

20. Plaintiff re-alleges paragraphs 2-11 as though fully set forth herein.

21. The DEFENDANT OFFICERS alleged that Plaintiff had violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against the Plaintiff.

22. The DEFENDANT OFFICERS did so without probable cause.

23. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, Plaintiff demands compensatory damages against the DEFENDANT OFFICERS, punitive damages, costs and whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest – State Claim

24. Plaintiff re-alleges paragraphs 2–11 as though fully set forth herein.

25. The DEFENDANT OFFICERS arrested Plaintiff without probable cause to believe that Plaintiff had committed criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Constitution to the State of Illinois as well as Illinois Common law.

26. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages against the DEFENDANT OFFICERS, punitive damages and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT IV –Monell

27. Plaintiff re-alleges paragraphs 1-16 as though fully set forth herein.

5

WHEREFORE, Plaintiff demands compensatory damages against the CITY OF JOLIET, costs and attorney's fees. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Negligent retention against the CITY OF JOLIET

28.    Plaintiff re-alleges paragraphs 2-16 as though fully set forth herein.

29.    The CITY OF JOLIET has continued to retain said Chief of Police, notwithstanding the dereliction of duty and practice said Chief has established of allowing illegal arrests to take place, false police reports to be lodged and innocent civilians to become arrested.

WHEREFORE, Plaintiff demands compensatory damages against the CITY OF JOLIET, costs and attorney's fees. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### 745 ILCS 10/9-102 Claim Against the CITY OF JOLIET

30.    Plaintiff re-alleges paragraphs 2-16 as though fully set forth herein.

31.    Defendant CITY OF JOLIET is the employer of the DEFENDANT OFFICERS alleged above.

32.    The DEFENDANT OFFICERS as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CITY OF JOLIET.

WHEREFORE, should DEFENDANT OFFICERS be found liable for the acts alleged in paragraph 2-11 above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the CITY OF JOLIET pay them any judgment obtained against said DEFENDANT OFFICERS as a result of this complaint.

## COUNT VII
### Supplementary Claim for *Respondeat Superior*

6

33.     Plaintiff re-alleges paragraphs 2-16 as if re-alleged herein.

34.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of their

employment as police officers and therefore the Defendant CITY OF JOLIET, as principal, is

liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE Plaintiff demands judgment against Defendant CITY OF JOLIET and

such other additional relief, as this Court deems equitable and just.

Plaintiff Demands Trial by Jury.

Respectfully Submitted.

Attorney for the Plaintiff
Blake Horwitz

**THE LAW OFFICES OF BLAKE HORWITZ**
Blake Horwitz, Esq.
Amanda Yarusso, Esq.
Patrick Casey, Esq.
155 N. Michigan, #714
Chicago, IL  60601
(312) 616-4433

7

**ORIGINAL** (JTS)

# UNITED STATES DISTRICT COURT    JUDGE RONALD GUZMAN
## NORTHERN DISTRICT OF ILLINOIS  MAGISTRATE JUDGE ASHMAN

# Civil Cover Sheet 04C 1825

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): JOSE SALAZAR**

County of Residence: Cook

Plaintiff's Atty:
　　　　LAW OFFICES OF BLAKE
　　　　HORWITZ
　　　　155 N. Michigan, Suite 714,
　　　　Chicago IL 60601
　　　　(312) 616-4433

**Defendant(s):TIZOC LANDEROS, JAMES VOUDRIE, THOMAS BANAS, SERGEANT NUNN (STAR #41), and CITY OF JOLIET,**

County of Residence:

Defendant's Atty:

II. Basis of Jurisdiction:　　　**3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties (Diversity Cases Only)
　　　　　　Plaintiff:- **1 Citizen of This State**
　　　　　　Defendant:- **1 Citizen of This State**

IV. Origin :　　　　**1. Original Proceeding**

V. Nature of Suit:　　　**440 Other Civil Rights**

VI.Cause of Action:　　　**42 U.S.C. 1983, Excessive Force & False Arrest**

VII. Requested in Complaint
　　　　Class Action: **No**
　　　　Dollar Demand:
　　　　Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date: 9 March 2004

**ORIGINAL**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JUDGE RONALD GUZMAN
MAGISTRATE JUDGE ASHMAN

In the Matter of

JOSE SALAZAR v.
TIZOC LANDEROS, JAMES VOUDRIES, THOMAS
BANAS, SERGEANT NUNN (STAR #41), and CITY OF
JOLIET.

Case Number: 

04C 1825

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

PLAINTIFF

| (A) | | | (B) | | |
|---|---|---|---|---|---|
| SIGNATURE | | | SIGNATURE | | |
| NAME Blake W. Horwitz | | | NAME Amanda S. Yarusso | | |
| FIRM LAW OFFICES OF BLAKE HORWITZ | | | FIRM LAW OFFICES OF BLAKE HORWITZ | | |
| STREET ADDRESS 155. N. Michigan, Suite 714 | | | STREET ADDRESS 155. N. Michigan, Suite 714 | | |
| CITY/STATE/ZIP Chicago IL 60601 | | | CITY/STATE/ZIP Chicago IL 60601 | | |
| TELEPHONE NUMBER (312) 616-4433 | FAX NUMBER (312) 565-7173 | | TELEPHONE NUMBER (312) 616-4433 | FAX NUMBER (312) 565-7173 | |
| E-MAIL ADDRESS horwitzlaw@att.net | | | E-MAIL ADDRESS horwitzlaw@att.net | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6200803 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6280031 | | |
| MEMBER OF TRIAL BAR? | YES ☑ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ |
| TRIAL ATTORNEY? | YES ☑ | NO ☐ | TRIAL ATTORNEY? | YES ☐ | NO ☑ |
| | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☑ |
| (C) | | | (D) | | |
| SIGNATURE | | | SIGNATURE | | |
| NAME Patrick A. Casey | | | NAME | | |
| FIRM LAW OFFICES OF BLAKE HORWITZ | | | FIRM | | |
| STREET ADDRESS 155. N. Michigan, Suite 714 | | | STREET ADDRESS | | |
| CITY/STATE/ZIP Chicago IL 60601 | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER (312) 616-4433 | FAX NUMBER (312) 565-7173 | | TELEPHONE NUMBER | FAX NUMBER | |
| E-MAIL ADDRESS horwitzlaw@att.net | | | E-MAIL ADDRESS | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6274677 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ |
| TRIAL ATTORNEY? | YES ☐ | NO ☑ | TRIAL ATTORNEY? | YES ☐ | NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☑ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ |